## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. JIMMY LEE DYKES, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-CV-483-RAW |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| 1. CITY OF COWETA, a public entity, | ) | **ATTORNEY'S LIEN CLAIMED** |
| | ) | **FOR THE FIRM** |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

**COMES NOW** the Plaintiff, Jimmy Lee Dykes ("Plaintiff"), through his attorney of record, Charles C. Vaught of Armstrong & Vaught, P.L.C. and brings this action pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2615 *et. seq.* (the "FMLA"), against Defendant, City of Coweta. In support thereof, Plaintiff hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff was, at all times relevant to this cause of action, employed by Defendant within the Eastern District of Oklahoma.

2. Plaintiff was, at all times relevant to this cause of action, domiciled in and a citizen of the State of Oklahoma.

3. Plaintiff was, at all relevant times, an employee as defined by the FMLA in that he was employed with Defendant in excess of twelve (12) months and, during that time, worked in excess of 1,250 hours.

4. Plaintiff, as well as his infant son, suffered from "serious health condition(s)." Both of these conditions required Plaintiff to miss work, thus making him eligible for the protections afforded by the FMLA, though Plaintiff was denied that protection.

5. Defendant is, and was at all times relevant to this cause of action, a governmental entity.

6. Defendant is an employer under the FMLA in that, at all relevant times, Defendant employed in excess of 50 employees within a 75-mile radius of Plaintiff's primary work site during each of 20 or more calendar workweeks in the current preceding calendar year.

7. The acts and/or omissions giving rise to this lawsuit occurred in Coweta, Wagoner County, State of Oklahoma.

8. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, this Court has jurisdiction over the parties and the subject matter of this action, because the action arises under the laws of the United States.

9. Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Eastern District of Oklahoma, because a substantial portion of the events or omissions giving rise to this claim occurred in the Eastern District of Oklahoma.

## OPERATIVE FACTS

10. Plaintiff was hired by Defendant on September 21, 2014 to work as a water tech in the Water Department.

11. On September 3, 2015, Plaintiff's blood pressure dropped while at work. An ambulance was called and Plaintiff was given treatment via IV. Plaintiff went home and then returned back to work that day.

12. Plaintiff spent the following months visiting doctors trying to determine what was causing his medical issues.

13. Plaintiff was diagnosed with Arnold Chiari Malformation in late April/early May 2016.

14. Plaintiff spoke with Doug Black in Human Resources after receiving his diagnosis. Plaintiff informed Mr. Black that he had been missing quite a bit of work and that surgery was in his future. With this in mind, Plaintiff inquired about FMLA and how it worked. Plaintiff was told, incorrectly, that he was required to use a full twelve weeks of leave at one time under the FMLA.

15. From July 8, 2016 to July 12, 2016, Plaintiff's Arnold Chiari flared up, resulting in him being taken off work by his treating physicians.

16. Plaintiff returned to work on July 12th with restrictions and was sent home by his supervisor, Rob Worley.

17. On July 13, 2016, Plaintiff's 23-month-old son came down with hand, foot and mouth disease. Plaintiff was quarantined with him from July 13th to July 21st.

18. On July 22, 2016, Plaintiff call his immediate supervisor, Dale Williams, and informed him that Plaintiff's son was still producing new blisters and Plaintiff was unable to work that day.

19. Approximately 10 minutes later, Rob Worley called Plaintiff and terminated his employment because he had "too many absences."

## FIRST CLAIM
### (FMLA Interference)

20. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

21. Plaintiff gave Defendant adequate notice of his protected medical leave, pursuant to 29 U.S.C. § 2612.

22. Plaintiff was terminated because of his absence from employment while on a qualified medical leave pursuant to 29 U.S.C. § 2615.

23. At all times relevant to this action, Plaintiff's illness was a serious health condition, pursuant to 29 C.F.R. § 825.113(a).

24. Plaintiff's termination was a clear, direct, and substantial violation of 29 U.S.C. § 2615 which states, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise or the attempt to exercise, any right provided under this subpart."

25. Plaintiff was entitled to qualified FMLA medical leave pursuant to 29 C.F.R. § 825.202 which states:

> Intermittent leave may be taken for . . . the employee's own serious health condition, . . . periodically, rather than for one continuous period of time. Intermittent . . . leave may be taken for absences where the employee . . . is incapacitated or unable to perform the essential functions of the position because of a chronic serious health condition or a serious injury.

26. Plaintiff was entitled to qualified FMLA medical leave pursuant to 29 C.F.R. § 825.122(d)(1) which states:

> "(d) Son or daughter. For purposes of FMLA leave taken for birth or adoption, or to care for a family member with a serious health condition, son or daughter means a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis, who is either under age 18, or age 18 or older and "incapable of self-care because of a mental or physical disability" at the time that FMLA leave is to commence.
>
> (1) Incapable of self-care means that the individual requires active assistance or supervision to provide daily self-care in three or more of the activities of daily living (ADLs) or instrumental activities of daily living (IADLs). Activities of daily living include adaptive activities such as caring appropriately for one's grooming and hygiene, bathing, dressing and eating. Instrumental activities of daily living include cooking, cleaning, shopping, taking public transportation, paying bills, maintaining a residence, using telephones and directories, using a post office, etc."

27. At all times, Plaintiff's son suffered from a serious medical condition and was incapable of self-care," under 29 C.F.R. § 825.122(d)(1), thus requiring Plaintiff to be absent from work.

28. Defendant terminated Plaintiff as a discriminatory and/or retaliatory act against Plaintiff for exercising his right to qualified medical leave pursuant to the FMLA.

29. By not permitting him to return, the Defendant effectively terminated the Plaintiff and denied his access to FMLA medical leave.

30. Defendant's refusal to permit Plaintiff to return constitutes interference with Plaintiff's right to qualified FMLA medical leave.

31. Plaintiff is entitled to reinstatement, or front pay in lieu thereof, pursuant to 29 U.S.C. § 2614(a)(1).

## SECOND CLAIM
### (FMLA Retaliation)

32. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and would further state as follows:

33. Defendant's refusal to allow Plaintiff to continue his employment in response to Plaintiff=s request for FMLA leave constitutes a subsequent adverse employment action, pursuant to 29 U.S.C. § 2615.

34. Defendant refused to allow Plaintiff to continue his employment was a direct consequence of Plaintiff's request for qualified FMLA leave.

35. Plaintiff's termination was in retaliation for exercising his right to qualified FMLA medical leave, pursuant to 29 U.S.C. § 2615.

36. As a result of the aforementioned violations, Defendant thereby injured Plaintiff, depriving him of his rights and privileges of employment for using medical leave due to his serious chronic medical condition.

**WHEREFORE**, Plaintiff prays that Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendants to be in violation of Plaintiff's rights; (2) enjoin the Defendants from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and liquidated damages; (4) order Plaintiff's be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***